exactly the amount decreed by the district court.

On the whole, therefore my opinion is, that the decree of that court should be affirmed, and that a decree for $8,000, besides costs, should be entered in favor of the libellant against the steamer, her tackle, furniture, etc.

See The Merrimac, 14 Wall. [81 U. S.] 203, decided in 1871, where the United States supreme court announces substantially the same rule as that stated in the first head note of this case.

## Case No. 9,595.

### MILLER v. WHEATON et al.

[2 Cranch, C. C. 41.] [1]

Circuit Court, District of Columbia. June Term, 1812.

#### BAIL—CIVIL CASE—AFFIDAVIT.

Affidavit to hold to bail.

F. S. Key, for Briscoe, moved to enter his appearance for this defendant without bail. The plaintiff had filed, as his cause of action, a promissory note of Wheaton, and an affidavit by an indifferent witness that Briscoe acknowledged to him that he was a partner with Wheaton in the transaction and equally liable for the debt.

THE COURT (FITZHUGH, Circuit Judge, absent) held it to be sufficient to hold Briscoe to bail.

## Case No. 9,596.

### MILLER v. YOUNG.

[2 Cranch, C. C. 53.] [1]

Circuit Court, District of Columbia. July Term, 1812.

#### DEEDS—INTER SE—WARRANTY—DEPOSITION — NOTICE—MAGISTRATE'S CERTIFICATE.

1. The statute of Virginia against conveying pretensed titles does not vacate the deed, as between the parties.

2. If the creditor accepts a deed of land in payment of the debt, it is a bar to an action for the debt; and, if the title be defective, the creditor must look to his warranty.

3. In taking a deposition under the act of congress, it is not necessary that the party or the magistrate should give notice to the adverse party or his attorney, if neither be within one hundred miles of the place of caption; nor that the magistrate should certify that he was not of counsel for either of the parties, nor interested in the event of the suit.

[Cited in Stewart v. Townsend, 41 Fed. 123.]

Indebitatus assumpsit for goods sold and delivered. The defence was that the defendant paid the debt by a deed of land in Kentucky, with general warranty, which the plaintiff received in payment. To this the plaintiff replied that the title was bad; that the defendant never had possession of the land, and had no title.

Mr. Jones and Mr. Taylor, for plaintiff, contended that the deed was void under the Virginia act of 6th of December, 1786, against conveying pretensed titles, which was in force in Kentucky, and did not destroy the original cause of action for goods sold; and if not void under that statute, yet, as the defendant had no title, it was no payment, and the plaintiff had a right to recover in this action. Moses v. MacFerlan, 2 Burrows, 1012; Dutricht v. Melchor, 1 Dall. [1 U. S.] 428; Cochran v. Cummings, 4 Dall. [4 U. S.] 250.

C. Lee and E. J. Lee, contra. The deed was executed, delivered and accepted, and contained a warranty of title upon which the plaintiff may have his remedy; and whenever a party has a remedy upon a sealed instrument, he is bound to resort to it. Preston v. Young, 4 Cranch [8 U. S.] 239; Toussaint v. Martinnant, 2 Term R. 105; Weaver v. Bentley, 1 N. Y. Term R. [Caines] 49; Sugd. Vend. 175; Hunt v. Silk, 5 East, 449; Lindon v. Hooper, Cowp. 414. The statute against pretensed titles, if in force in Kentucky, does not vacate the deed. Duval v. Bibb, 3 Call, 362. The plaintiff ought to have returned the deed, and reconveyed the property before he brought this suit. Pollard v. Dwight, 4 Cranch [8 U. S.] 421.

On the trial, C. Lee, for defendant, objected to a deposition taken on behalf of the plaintiff, that notice was not given to the defendant, although neither the defendant nor his attorney was within one hundred miles of the place of caption; and contended that the statute only dispenses with notice by the magistrate, not by the party. It does not say that the deposition, in such case, may be taken without notice—and the party is as much bound, in justice, to give notice when taking a deposition under the act of congress, as under a dedimus.

THE COURT, however (THRUSTON, Circuit Judge, absent), without hearing the other side, overruled the objection.

E. J. Lee, for the defendant, also objected to the deposition that the magistrate had not certified that he was not of counsel for either party, nor interested in the event of the cause.

But THE COURT overruled this objection also.

The parties agreed that judgment should be rendered for the plaintiff upon certain terms.

THE COURT, however (THRUSTON, Circuit Judge, absent), had made up their opinion, that the statute against pretensed titles did not vacate the deed; and that the agreement to settle the account, being executed by a deed with general warranty, which was accepted by the plaintiff, the transaction was closed and could not be disaffirmed; and that the plaintiff must resort to his warranty.

MILLER (YOUNG v.). See Case No. 18,165.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]