Lipscomb, J.
The only error relied upon by the counsel for the plaintiff is that tiie judgment ought not to have been rendered against him for costs on the verdict of the jury,' it being for a sum under tiie jurisdiction of the District Court. The suit in this case was for work and labor done and performed by the plaintiff’s intestate as a carpenter for the defendant, at his special instance and request, and for the value of a bed and some tools. The defendant pleaded that lie had paid and overpaid the defendant’s intestate, and praj'ed judgment for tiie balance in reconvention. The verdict and judgment were in favor of the plaintiff below for nine dollars and four cents. If the amount sued for was reduced by payment, the judgment, under our statute, (Hart. Dig., art. 609.) should have been for the nine dollars and four cents in favor of the plaintiff. *204 and in favor of the defendant for costs. It was so. held hy this court in Cochran v. Kellum et al., (4 Tex. R., 120,) and in Watts v. Harding, (5 Tex. R., 386,) and Hall v. Hodges, (2 Tex. R., 330.) In the two cases iirsfc cited the judgment was for the balance found, and costs. We refused to set aside the-judgment and correct it, because it was uncertain under what plea the jury had reduced the demand claimed, whether set-off or payment, and there was no statement of facts sent up in the record, and the presumption was in favor of the judgment. In this case there was no plea but the plea of paj'ment, and there was no exception taken to the admissibility of the evidence offered hy the defendant in support of his plea.
.Note 67. — Duel' v.Seydell, 20 T., 61; Davis v. Pinckney, 20 T.,340; Dalbyr. Murphy, 25 T.,354.
If, however, it had been objected to, we believe it was properly received, as-the evidence tends to prove Unit the goods and other things received by the intestate were received in payment, and there is no conflict in the evidence. The rule of law is believed to be “that payment must ordinarily be made “in money; huta delivery of other tilings, if accepted as payment by the “other party, will discharge the debt in respect to which it is made.” (Story on Contracts, 1st ed., sec., 671; Comyn Dig., Accord B. 1, B. 2; Bac. Abrdg., Accord AND Satisf action, A.)
We believe therefore that the court erred in rendering judgment for costs-against the defendants in the court below, ior which error the judgment must be reversed and rendered as the court below ought to have rendered it, that is, in favor of the plaintiff for the nine dollars and four cents, and in favor of the defendant for his costs, which costs mast he certiiied to the Probate Court to-be paid in the due course of administration.
Reversed and reformed.