## HART *v.* CRAWFORD, EXECUTRIX.

PLEADING.—*Answer.—Payment.—Accord and Satisfaction.*—To a complaint by an executor upon a due-bill, the defendant answered that he had paid the deceased the full amount of principal and interest due, " and the sum of money was paid in goods, wares, and merchandise, and was paid in full satisfaction of said note, and was so received by the deceased in his lifetime."

Hart *v.* Crawford, Executrix.

*Held,* that the answer was good, and in form a plea of payment

*Held,* also, that it was substantially a good answer of accord and satisfaction.

SAME.—*Certainty.*—Want of certainty in a pleading is not good ground of demurrer.

PAYMENT.—Payment may be made in anything that the creditor will receive as payment.

APPEAL from the Hancock Circuit Court.

WORDEN, J.—Action by the appellee against the appellant upon the following instrument:

" $155.42.                                        MARCH 26th, 1860.

"Due Nathan Crawford one hundred and fifty-five dollars and forty-two cents, for value received.

(Signed)                                        "A. T. HART."

Issue, trial, verdict and judgment for the plaintiff.

The defendant pleaded, first, as follows: "Comes now the defendant, by his attorneys, and for answer to plaintiff's complaint, says that said defendant has long since paid to said decedent the full amount of one hundred and fifty-five dollars, and the interest due on said due-bill or note sued upon, and the sum of money was paid in goods, wares, and merchandise, and was paid in full satisfaction of said note, and was so received by the decedent in his lifetime; wherefore said defendant demands judgment."

A demurrer was sustained to this paragraph of the answer, for want of sufficient facts, and the defendant excepted. This ruling is assigned for error.

We are of opinion that the paragraph was substantially good, and that the court erred in sustaining the demurrer.

The answer is, perhaps, in form, an answer of payment. But payment may be made in anything that the creditor will receive as payment. *Louden* v. *Birt,* 4 Ind. 566; *Tilford* v. *Roberts,* 8 Ind. 254.

But if its validity as an answer of payment were doubtful, it is substantially a good answer of accord and satisfaction. It alleges that the goods, wares, and merchandise were received by the decedent in full satisfaction of the note. The only objection urged here to the paragraph is, that it does

not state either the kind or quantity of goods paid by the defendant and received by the decedent in satisfaction of the debt. This objection goes to the want of certainty in the paragraph, and not to the want of substance. If the pleading was not sufficiently certain, a point on which we express no opinion, the court, on motion, might have required it to be made more certain; but it was not, on that ground, bad on demurrer. 2 G. & H. 112, sec. 90, and note 1 ; *Snowden* v. *Wilas*, 19 Ind. 10; *Fultz* v. *Wycoff*, 25 Ind. 321.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the paragraph of the answer in question.

*R. A. Riley*, for appellant.

*W. R. Hough* and *W. March* for appellee.