## BUSH v. SPROAT.

1. EVIDENCE: *On plea of payment.*
    The plea of payment admits evidence of payment in cash or in any other mode agreed upon by the parties, e. g., by the delivery of chattels received by the creditor in satisfaction of his demand, or by the giving and acceptance of anything in lieu of money and in discharge of the debt Payment may be made in any thing that the creditor will receive in payment.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHELL, Circuit Judge.

*Scott & Jones,* for appellant.

The evidence as to the oral contract to take interest in the land in discharge of appellant's note was inadmissible under the issue raised by the answer. Appellee pleaded *payment* and the evidence tends to show, if anything, *accord and satisfaction.* Our code has not abrogated all the old landmarks, nor gone to the extent of abolishing the rule that the allegations and proof must agree. Under the plea of payment evidence of accord and satisfaction is inadmissible. 15 *Ark.,* 651. This is not changed by *Sec.* 4611, *Gantt's Dig.;* See *sec.* 4613, *Gantt's Dig.; Newman on Code Pleading, p.* 732.

Here there was a total failure to prove payment. See also *Pomeroy on Remedies, Sec.* 719; 12 *Ark.*, 148.

The satisfaction did not move from appellee, for Byrne had purchased his interest. An accord moving from a stranger cannot be pleaded. 6 *Johns.*, 37; 19 *Wend.*, 408; 3 *I. B. Mon.*, 302.

*L. A. Byrne*, for appellee.

The jury found that appellant took an interest in the land in payment and satisfaction of the note. There was evidence to support that finding and this court will not reverse.

The objection as to variance between the answer and proof is settled by *Sec.* 4611 *Gantt's Dig.*

If the answer is not good and plaintiff was misled by the proof, he should have shown how. The objection is too late when all the evidence has gone to the jury. *L. R. & F. S. Ry. v. Perry*, 37 *Ark.*, 193, (body of the opinion).

Under the code under the plea of payment and satisfaction, evidence of payment in cash, or other mode agreed on, in property, or the giving and acceptance of anything in lieu of money &c, may be shown. 33 *N. Y.*, 69; 41 *Ind.*, 197; *Pom. on Rem., Sec.* 701.

SMITH, J. Bush declared upon a promissory note; Sproat pleaded payment.

The undisputed facts were, that the plaintiff had sold the defendant a tract of land for $500. Three notes were taken for the purchase money: No. 1, for $200, due at six months and which had been transferred to one Deutschman; No. 2, for $200, due at twelve months and which is the note now in suit; No. 3, for $100, due at eighteen months and which had been transferred to Bramble. Sproat also owed an account to Byrne, and had agreed in writing to convey to him his interest in the land in satisfaction of the demand. This interest was a mere equity of redemption or right to go

27———43

forward and pay the land out; all of the above described notes being out-standing and liens upon the land. Deutschman had obtained judgment on note No. 1, had sued out execution and had caused it to be levied on the land. On the day fixed for the execution sale, the plaintiff, Bramble and Byrne, entered into a written agreement, the substance of which was, that Byrne was to bid off the land and hold the title for the benefit of the three, who were to be interested in the purchase in proportion to their respective claims against Sproat, Byrne's debt being estimated as equal to Bramble's, say each $100, with interest, and the plaintiff's being $200, with interest. The land was accordingly stricken off to Byrne for the aggregate sum of Deutschman's judgment, interest and costs of suit; and the sale being upon credit, the three parties jointly interested executed their purchase-bond. Before this bond matured, the purchasers re-sold the land for $600. Out of the proceeds, they paid off their purchase-bond, $266, leaving $334 for distribution· Of this Bramble and Byrne each received $100, and the plaintiff the remainder. This last sale was negotiated by the plaintiff, he being unable to raise his *pro rata* of the amount due on the purchase bond and was assented to by the other two parties only upon condition that they should each receive $100 net. The controversy is as to an oral agreement made at the same time as the written one, between the plaintiff, Bramble and Byrne, acting as attorney for Sproat, to the effect that the plaintiff and Bramble were to take the interests they did acquire in the land by said purchase in full satisfaction of the notes they held against Sproat. These notes were not surrendered, nor was any demand made fo them at that time. Bryne had agreed with Sproat to make such an arrangement that the notes would never come against Sproat, but had not assumed payment of them. When they re-sold the land, the purchaser desired to get in the note held by the plaintiff, who refused to give it up, but con-

sented to waive any lien on the land.  The witness who
attested the written agreement and who had heard the whole
conversation on the subject, understood the transaction to be
a settlement of all claims against Sproat.  This was also the
understanding of Bramble, whose note was of the same
series as that of the plaintiff and of equal dignity.  He re-
garded his note as paid.

The testimony fairly preponderates in favor of the defend-
ant, that it was the intention of the parties, if they suc-
ceeded in acquiring the title to the land, to consider their
debts against Sproat as satisfied.  But even if there was
merely a conflict of testimony, we should not disturb the
verdict of the jury, which was for the defendant, provided
the evidence as to taking an interest in the land in discharge
of the plaintiff's note was admissible under the issues raised
by the pleadings.  The plaintiff objected to the introduction
of this evidence as irrelevant and incompetent to prove the
allegation of the defendant's answer, having do tendency to
prove payment, but accord and satisfaction.

An allegation of payment admits evidence of payment in
cash or in any other mode agreed upon by the parties, e. g.,
by delivery of chattels received by the creditor in satisfac-
tion of his demand or by the giving and acceptance of any-
thing in lieu of money and in discharge of the debt.  Pay-
ment may be made in anything that the creditor will receive
in payment.  2 *Gr. Ev.*, Sec. 526 ; *Abbott's Trial Ev.*, 799 ;
*Pomeroy's Remedies*, Sec. 701 ; *Morehouse v. Northrap*, 33
*Conn.*, 380 ; *Hart v. Crawford*, 41 *Ind.*, 197 ; *Tindsley v.
Ryon* 9 *Texas* 405.

Thus *Farmer's Bank v. Sherman* 33 *N. Y.*, 69 was an action
upon a promissory note, held by the plaintiffs as collateral
security.  The defendant pleaded payment.  On the trial
evidence was admitted, under exception, that the note had
been paid to the plaintiffs by the payee thereof, by the de

livery of lumber, which was accepted by the plaintiffs in pursuance of an agreement that the payee might withdraw any of the collaterals held by the plaintiffs to the amount of lumber delivered to them and he had designated the note in suit to be withdrawn. And it was held that under this issue the defendant might give evidence of such agreement and the transactions under it, and that the plea of payment was sustained by proof of any facts which in law amount to a satisfaction of the note.

So if a creditor accept a deed of land in payment of his debt, it is a bar to an action for the debt. *Miller v. Young* 2 *Cranch, C. C.,* 53. *Sec.* 4611 of *Gantt's Digest* enacts that "no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice;" and "whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been misled." There is no reason to suppose that the plaintiff was misled by the plea, or surprised by the testimony that was adduced in support of it.

Affirmed.