## Smith, Banking Commissioner, et al. Ex Parte.

(Decided October 6, 1914.)

Appeal from Bourbon Circuit Court.

Banks—Insolvency and Dissolution—Under the Banking Act of 1912 the Banking Commissioner is vested with authority to sell and convey the real estate of an insolvent bank of which he has taken charge under process of liquidation; and this he may do without an order of court, but he is required by law to report his acts to the court, and the Act provides the manner in which exception may be taken thereto.

JOHN J. WILLIAMS and JOHN M. LASSING for appellant.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The bank of George Alexander & Company, State Bank, was a corporation created under the laws of this

Commonwealth, with power to do a general banking business. On May 14, 1914, Thomas J. Smith, Banking Commissioner, caused an examination to be made of the affairs of said bank, which examination disclosed the fact that the bank was insolvent.

On May 19, 1914, the following notice, signed by a majority of the directors, was placed upon the doors of the bank: ''This bank is in the hands of the Banking Commissioner.''

On May 19, 1914, the date on which the commissioner took charge of the assets of the bank, it was the owner of several pieces of real estate at Paris, Bourbon County, where the bank was doing business; and prior to that date, the bank had contracted with one Sallie B. Bramblett to convey to her a piece of real estate, and she had paid to the bank a part of the purchase money, but before any conveyance had been made by the bank, it passed into the hands of the Banking Commissioner.

On June 13, 1914, the Banking Commissioner instituted this *ex parte* proceeding in the Bourbon Circuit Court, and prayed that he be authorized and empowered to sell the real estate and personal property owned by said bank, at either public or private sale, as he might deem for the best interests of the creditors of the bank, and prayed that he be authorized and empowered to convey to Sallie B. Bramblett the property which the bank had contracted to convey to her.

The court adjudged that the petitioner be authorized to sell the bank's personal property; but that he was not authorized or empowered under the Banking Act to sell or convey the bank's real estate at either public or private sale, or to convey to Sallie B. Bramblett the property contracted to be conveyed by the bank to her; and from so much of the judgment as denies the authority of the Banking Commissioner to dispose of the bank's real estate, this appeal was prosecuted.

1. The appeal involves the interpretation of chapter 4, Acts of 1912, being an act entitled ''An Act to establish a Banking Department, etc.,'' and known as the Banking Act of 1912.

Section 18 of that Act provides that the posting of a notice like that above mentioned, and the notification of the Banking Commissioner, and his taking charge of the bank, ''shall be sufficient to place all its assets and property of whatever nature in the possession of the Banking Commissioner.'' So the question is: What

may he do with the bank's real estate, and how shall he do it?

The Banking Act is silent upon these matters except that as it authorizes and directs the Banking Commissioner to liquidate insolvent banks, by implication it authorizes him to dispose of the real estate belonging thereto.

In Cartmell v. Commercial Bank, 153 Ky., 798, the court, in speaking of liquidation of banks by a receiver as contrasted with liquidation under the Banking Act of 1912 by the Banking Commissioner, said that if any difference is to be found it is in favor of the liquidation of banks through and under the direction of the Banking Commissioner, for the reason that liquidation by the Banking Commissioner is not only more expeditious and less cumbersome, but also less expensive. And it is quite evident that this was one of the factors which induced this legislation.

When a bank is closed because it has become insolvent, and enters upon a process of liquidation, more or less hardship is inevitable. To those persons of slender means who have their little all deposited in such a bank, as well as to the large commercial enterprises which carry therein on deposit their working capital, the suspension of a bank is alike a matter of serious import; and the efforts of the liquidating agents should first of all be directed to the conversion of its "quick assets" into cash, in order that the same may be rendered available to the creditors. The Banking Act confers upon the commissioner extraordinary powers; and it should be given a broad and liberal interpretation. The commissioner is a State officer, and it is his duty to serve the public. And it is the spirit of the Act that liquidation should proceed without delay and with as little expense as possible.

The court is of the opinion that the commissioner is vested with power to sell and convey the real estate of the bank, as well as its personal property, without first obtaining the consent or direction of the court; and that he may make such sales either publicly or privately, and upon such terms as he believes to be to the best interests of all concerned.

Under the Banking Act, the Banking Commissioner is required to report all his acts and doings in the administration of the bank's affairs, at stated intervals, to the circuit court of the county in which the bank is lo-

cated; and it is further provided that any person, firm or corporation may, by petition addressed to and filed in the circuit court, have any act of such commissioner reviewed by the court, in the same manner and with the same rights and powers as would have attached had such commissioner been a receiver appointed by the court.

As the court gathers the legislative intent from the language of the Banking Act, the only distinction in this respect between a receiver and the Banking Commissioner is that the latter may act without an order of court, whereas a receiver acts only in obedience to the orders of the court; but after the commissioner has acted, then his acts are subject to review as a receiver's acts. The report filed by the Banking Commissioner should be permitted to lay over for a reasonable time before confirmation, in order that any one desiring so to do may file his petition; and the filing of a petition as provided for by the Banking Act would have the same effect and be treated in the same manner, as respects procedure, as exceptions filed to a report of sale of the commissioner or receiver of the court. If no such petition be filed within a reasonable time, by way of exception to the report of the Banking Commissioner, it should then be approved and confirmed by the circuit court, and where real estate has been sold, the Banking Commissioner should be directed to execute conveyance thereof in conformity to his report, in the same manner as is required by law when real estate is sold pursuant to a judgment of the circuit court.

2. Where real estate has been sold by the bank before the commissioner takes charge of the bank, the commissioner should file a report showing the fact of the sale and the terms thereof in the same manner as if the sale had been made by himself; and if no exceptions are filed to such report, the court should order the Commissioner to collect the unpaid purchase money, if any, according to the terms of sale, and to execute a conveyance to the purchaser.

There was no necessity for the institution of this action; but plaintiff having asked the advice and consent of the court to make the sale of property of the bank, and his authority to sell the real estate having been denied by the judgment of the circuit court, the judgment is reversed, with directions to enter a judgment in conformity to this opinion. Reversed.