## Collopy et al. v. Dorman, Banking and Securities Commissioner, et al.

(Decided Oct. 3, 1933.)

LEWIS LEVY for appellants.

BAILEY P. WOOTTON, Attorney General, and F. M. TRACY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The petition was filed by the State Banking and Securities Commissioner and a special deputy in charge of

the liquidation of the Latonia Deposit Bank & Trust Company, an insolvent institution, against the appellants, Edward C. Collopy and Marie Collopy, submitting the facts to be epitomized, and asking for a declaration of rights and duties specifically and generally in respect thereto. The chancellor made such a declaration, and the judgment is before this court for review.

The question propounded may be thus expressed: Has the Banking and Securities Commissioner and his liquidating agents the authority to accept bonds of the Home Owners' Loan Corporation, a relief agency recently created by the United States government, in satisfaction of notes owned by the bank and release the mortgages securing them, which bonds may be quickly converted into cash but at a discount?

The Home Owners' Loan Corporation was brought into being by an act of Congress, approved June 13, 1933 (12 USCA Sections 1461-1468), for the purpose, in part, as stated in its title, "to provide emergency relief with respect to home mortgage indebtedness, to refinance home mortgages, to extend relief to the owners of homes occupied by them and who are unable to amortize their debt elsewhere." The capital stock is owned by the United States and provision is made for the corporation's financing. Its bonds are issued in exchange for amortized obligations secured by mortgages on homes as therein provided. Under some circumstances cash may be paid. The bonds are the direct obligations of the corporation. As we understand, they are debentures without any specific lien allocated to the respective bonds. They bear 4 per cent interest. The United States fully and unconditionally guarantees the payment of interest.

When the Latonia Deposit Bank & Trust Company was placed in the hands of the commissioner for liquidation, it held the notes of the appellants for a balance of about $2,300, which was secured by a mortgage on their home. They are not able to pay that indebtedness. Their condition brings them within the letter and spirit of the act of Congress, and they have made application to the Home Owners' Loan Corporation for a loan in an amount sufficient to pay their debt, the same to be payable to them in bonds. The granting of the loan is conditioned upon the acceptance of the bonds by the Banking and Securities Commissioner in

full satisfaction of their note and the discharge and release of the mortgage securing it.

Averment is made that the liquidation of the obligations of various mortgagors can be greatly facilitated if it is within the right and power of the banking and securities commissioner to accept these bonds in satisfaction thereof. It is represented, and so stated in the judgment, that under existing conditions it is practically impossible to liquidate mortgage debts held by the bank; that an attempt to enforce the liens would result in the taking over of the real estate, so that no actual progress can be made in the settlement of the bank's affairs; that the bonds of the corporation are susceptible of being converted into cash; that it is anticipated that the bonds will be marketable at a discount of not exceeding 10 per cent, and probably less, of their face value; and that there is at present a market quotation of 92 for the bonds. The court adjudged that in the performance of his duties, the commissioner is authorized to accept the bonds of the Home Owners' Loan Corporation in satisfaction of existing mortgage debts and to release the liens when the amount of bonds approximates the debt to be cancelled, and that such is the case set forth in the petition. It was further adjudged that it is the duty of that officer to convert the bonds into cash whenever the discount is not excessive, and that a 10 per cent discount is not excessive. The judgment goes further and declares that in a given anticipated case, when the amount of bonds is less than the asset to be surrendered, the commissioner should have an appraisement made of the property upon which the lien rests, and if it approximates the amount of the bonds offered, he should accept them, although they be less than the debt. It was held that in so proceeding, he is acting within the scope of the powers delegated to him under the law.

The primary purpose of the laws authorizing and controlling the liquidation of insolvent banking institutions is to protect the depositors and to secure settlement of their claims as promptly as is consistent with the reasonable conservation and economic administration of the assets. To that end, the banking and securities commissioner is vested with broad discretionary powers, although his acts are subject to judicial review. He is a trustee of an express trust to

accomplish the objects of the statute. Although there appears no specific authority in respect to such disposition of the assets as they are here presented, regard must be had for the elemental rule that the powers of a trustee are commensurate with the duties of the trust and that whatever authority is necessary to possess in order to effectuate its objects it is given him by implication. The commissioner's acts must, therefore, be judged by the rule of reason, prudence, and good faith, with a liberal rather than a strict interpretation of his statutory authority. Cartmell v. Commercial Bank & Trust Co., 153 Ky. 798, 156 S. W. 1048; Ex parte Smith, Banking Commissioner, 160 Ky. 83, 169 S. W. 582; American Southern National Bank v. Smith, 170 Ky. 512, 186 S. W. 482, Ann. Cas. 1918B, 959; Commonwealth ex rel. Denny, Banking Commissioner, v. Hargis Bank & Trust Co., 233 Ky. 801, 26 S. W. (2d) 1045; Wilson Banking Commissioner, v. Louisville Trust Co., 242 Ky. 432, 46 S. W. (2d) 767; Dorman, Banking Commissioner, v. Dell, 245 Ky. 34, 52 S. W. (2d) 892, 893; Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273. These cases present particular acts of the commissioner which were held to have been done in the proper exercise of authority. Special note may be taken of Ex parte Smith, Banking Commissioner, where it is held that without first obtaining the consent of the court the commissioner may sell and convey the real estate as well as the personal property of the bank, at either public or private sale, upon such terms as he believes to be the best interest of all concerned.

All transactions of the commissioner and his representative must be reported to the court in the proceeding stipulated by the statute (section 165a-17) in order that an aggrieved party may there question them, that arbitrary acts or abuse of discretion may be prevented, and that the settlement of the institution's affairs may ultimately receive the approval of the court. Barr v. Dorman, Banking and Securities Commissioner, 249 Ky. 367, 60 S. W. (2d) 939; Milner v. Gibson, supra.

The courts take judicial notice of the existing economic conditions. Atchison, T. & S. F. Ry. Co. v. United States, 284 U. S. 248, 52 S. Ct. 146, 76 L. Ed. 273. These conditions and the heroic efforts which are being made to relieve them are the outstanding con-

temporary facts dominating thought and action throughout the country. It seems to us, therefore, that with due regard for those efforts and without lessening the proper degree of judicial consideration to be accorded his statutory powers interpreted as above outlined, the banking commissioner may exchange a proper security of the bank for the bonds of the Home Owners' Loan Corporation, subject, however, to the right of interested parties to file exceptions to the transaction and to the duty of the court to review it according to the law governing the liquidation of insolvent banks. That procedure is established. It must be respected. None of those who might except to the exchange are here. We may not enter a pre-judgment.

The facts presented in the instant case seem to show that under the circumtances the exchange would be consonant with sound business judgment and prudence and for the best interest of all concerned, although some loss may be immediately sustained by this expeditious method of converting a "frozen asset" into cash. But the commissioner's action, through his deputy, must be reported and take its course in the pending proceeding through which the liquidation is passing.

Beyond this the court is not inclined to go. It should not declare the policy of the Banking Commissioner in such matters generally or to say what he should do in any other case, as we are requested by the petition and briefs to do. Each case must be considered on its own particular merits as it is presented.

If the judgment declaring the powers of the commissioner be construed as going further than this opinion, it is modified to that extent, and as thus modified it is affirmed.

Whole court sitting.