**BACHRACH v. DI CARLO.**

No. 9680.

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1935.

Rehearing Denied March 27, 1935.

J. B. Lewright, of San Antonio, for appellant.

Hertzberg & Kercheville, of San Antonio, for appellee.

BICKETT, Chief Justice.

This is an appeal by Adolph F. Bachrach from an order granting a temporary injunction, at the suit of Amalie Di Carlo, individually and as executrix of the will of Joe Di Carlo, deceased, restraining the attempt to enforce a deed of trust lien upon certain real property upon the ground that Bachrach, the lien creditor, refused to accept in payment of his debt bonds of Home Owners' Loan Corporation that could then have been sold for an amount sufficient to pay the debt.

The pertinent facts can be briefly stated, although the statement of facts in question and answer form comprises 150 pages. Joe Di Carlo executed a note for the principal sum of $6,500, dated April 12, 1928, payable five years after date thereof to the order of the San Antonio Loan & Trust Company, and reciting the giving of a deed of trust lien and a mechanic's and materialman's lien to secure the payment thereof. On the same date, as security for the payment of the note, Joe Di Carlo and wife, Amalie Di Carlo, executed a deed of trust, conveying to Thomas H. Franklin and others, trustees, three lots in San Antonio, which, at the times hereinafter referred to, had located thereon a residence house occupied by the Di Carlo family and a storehouse and two other residence houses rented to others. The note and liens securing payment thereof were duly transferred and assigned to Bachrach. Interest was paid to October 12, 1933. Thereafter both principal and interest have been in default. Joe Di Carlo made an application to Home Owners' Loan Corporation for a loan to take up and pay off the lien debt. Subsequently Home Owners' Loan Corporation approved the application and agreed to make the loan to be paid by delivery of its bonds to the holder of the lien debt. But Bachrach at all times refused to agree to accept the bonds, and specifically refused to execute the

form of agreement, consenting as mortgagee to take bonds, which instrument was required by Home Owners' Loan Corporation for the granting of its loan. Without the knowledge or consent of Bachrach, however, one Pitman, a local bond broker, executed in his own name an instrument, addressed to Home Owners' Loan Corporation, falsely stating that he was the owner of a first mortgage lien on the property in question securing payment of $6,500, and consenting to accept the bonds of Home Owners' Loan Corporation in full settlement of the debt. Upon the basis of that so-called "mortgagee's consent to take bonds," Home Owners' Loan Corporation approved the loan application and was ready to deliver its refunding bonds to take up the lien debt held by Bachrach, provided he would sign a receipt for the bonds in the form required of every mortgagee receiving such bonds in payment of his debt, and would also execute an assignment of the note and lien to Home Owners' Loan Corporation without recourse. Bachrach refused to sign the receipt or the assignment. At that time such bonds could have been sold on the market at or above par. The agents of Home Owners' Loan Corporation, acting, of course, individually, offered that, if Bachrach would execute the receipt and assignment, they would obtain for him the cash by selling the bonds through a broker or a bank.

The bonds of Home Owners' Loan Corporation are not legal tender for the payment of debts. Home Owners' Loan Act of 1933, as amended, 12 USCA §§ 1461–1468; Collopy v. Dorman, 250 Ky. 513, 63 S.W.(2d) 610. The substance of the offer was that bonds of Home Owners' Loan Corporation would be obtained and delivered to the mortgagee if he would consent to accept them and to execute the required papers, particularly, the receipt and assignment. Under the terms of the note, the obligation was to pay in money alone. Bachrach may have declined to accept the bonds, because he considered the proposed loan on property other than an actual home to be in violation of the fraud and penal provisions of the act or because he feared the market price of the bonds might decline before he could dispose of them. But, regardless of what the reason of his refusal was or whether it was sound, he had the perfect legal right to demand payment of the note in money constituting legal tender under the laws of the United States.

There is no tender of payment of a promissory note by an offer to obtain the delivery of bonds of Home Owners' Loan Corporation to the holder of the note, conditioned on his signing a receipt for the bonds and an assignment without recourse of the note and the mortgage lien securing payment thereof, and thereupon to obtain the payment in money of the amount due by the sale of the bonds through a bank or a broker. If the bonds were legal tender, the attached condition that the holder was called on to perform prevented the tender of the bonds from becoming absolute. But, aside from the conditional feature, it is clear that it was payment in bonds that was offered. If the noteholder had executed the requested papers, he would have been the owner of the bonds, for the title to the bonds passing from the Home Owners' Loan Corporation could not vest in any one but him. Thereupon he would have been subject to the hazards of the markets and to other circumstances affecting him as the owner of the bonds. In no conceivable view was there a valid tender of payment. Tinsley v. Ryon, 9 Tex. 405; Taylor v. Bland, 60 Tex. 29; Terry v. Dale, 27 Tex. Civ. App. 1, 65 S. W. 51, 396; Scruggs v. E. L. Woodley Lumber Company (Tex. Civ. App.) 179 S. W. 897; Bell v. Mast (Tex. Civ. App.) 7 S.W.(2d) 102.

The judgment of the district court is reversed, and the cause remanded.