## Hill's Adm'r et al. v. Dorman, Banking and Securities Com'r.

(Decided June 23, 1936.)

DELMA L. MAUZEY, ALLEN P. CUBBAGE and E. R. ATTKISSON for appellants.

MOORMAN & BEARD and CARL H. BOONE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal from a $1,135.96 judgment with interest from August 31, 1931, recovered against Mary L. Hill and the administrator of W. B. Hill.

On March 9, 1927, C. V. Hocker borrowed $3,500 from the Grayson County State Bank, W. B. Hill became his surety, and Hocker indemnified him by a mortgage on a stock of drugs, fixtures, etc. By payments on it this debt has been much reduced.

March 23, 1929, W. B. Hill died intestate. All the children of W. B. Hill, on May 7, 1929, joined in the execution of a paper giving his widow, Mary L. Hill, all of his estate. At the time of his death two suits were pending that had been begun by Hill. Allen P. Cubbage was appointed administrator of Hill to prosecute these suits.

On March 10, 1930, the Grayson County State Bank was placed in the hands of appellee for liquidation and shortly thereafter he placed his special deputy, D. B. Green, in charge. December 24, 1932, Mrs. Hill assigned and transferred the above mortgage to Green, and he executed and delivered to her a written release of all obligation of W. B. Hill upon this note. If Green had held this note individually, this

written renunciation of his rights would have discharged this note as to Hill (see section 3720b-122, Ky. Stats., and Gannon v. Bronston, 246 Ky. 612, 55 S. W. (2d) 358, 86 A. L. R. 324), but Green held this note as special deputy banking commissioner and he had only such powers as to this note as the statutes confer upon him. By section 165a-17, Ky. Stats., it is provided that when such a special deputy as Green was shall take charge of a bank,

> "He shall, within thirty days thereafter, file in the office of the clerk of the circuit court of the county in which the bank is located, a detailed statement in the form prescribed in section 165a-10 of this act, of the assets and liabilities of such bank, and thereafter upon the first day of the term of each succeeding session of the circuit court of such county, and every sixty days in counties having circuit courts of continuous session, he shall file a report of his acts and doings in the administration of such bank since his last report; and any person, firm, or corporation may, by petition addressed to the circuit court, have any act of such commissioner reviewed by the court, in the same manner and with the same rights and powers as would have attached had such commissioner been a receiver appointed by the court."

Green made no report of the assignment of this mortgage and the giving of this release as required by the statute, and later Green was succeeded by Frank Gardner, another special deputy, and on January 15, 1935, Gardner filed a report of the matter. J. M. Berry a depositor in the Grayson County State Bank, filed exceptions, which, upon hearing, were sustained, and the court having held the release invalid, a judgment was rendered against Cubbage as administrator and against Mrs. Hill, such judgment to be enforced against any estate of W. B. Hill in their hands, and they have appealed.

In the meantime Hocker had on December 29, 1932, made an assignment for the benefit of his creditors. Appellants now contend they should not be made to suffer because Green failed to make report of this as required, that the property covered by this mortgage has deteriorated and greatly depreciated in

value, and that it is inequitable and unjust to now visit upon this estate a loss that has resulted from the failure of Green to make prompt report. However, Mrs. Hill was dealing with an agent whose authority is limited by statute; she is obliged to take notice of those limitations. We find no error in the record, and the judgment is affirmed.