## Baker et al. v. McIntosh et al.

Dec. 17, 1943.

212

Craft and Stanfill for appellant.

Ward and Ward for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Affirming.

The appellants, Elisha Baker and Lewis Herald, brought this action in the Perry circuit court on a supersedeas bond executed by the appellees, Clara McIntosh, as principal, and her sureties, seeking recovery of rents alleged to have been collected and appropriated by her upon a certain described property, the ownership and right of possession of which had in a prior action been adjudged them (McIntosh v. Wilhoit, Banking Commissioner, et al., 279 Ky. 675, 132 S. W. (2d) 39), but the possession of which they alleged they were deprived of by reason of the supersedeas bond executed by her and the supersedeas issued and served on the appellants, sustaining the efficacy of the judgment during the pendency of her appeal therefrom.

The antedating facts out of which this action arises are in substance, as correctly stated in brief of counsel for appellees, as follows:

In September, 1929, the Hargis Bank & Trust Co. recovered a default judgment against the appellee, Clara McIntosh, on her note for $350 and the enforcement of a lien on her home securing the debt. Under the judgment the property was sold by the master commissioner and purchased by W. J. Combs.

Later, the Hargis Bank & Trust Co. failed, whereupon the affairs of the insolvent bank were placed in the hands of the state banking commissioner for liquidation. Looking to such end, W. J. Combs assigned his bid to Ervine Turner, the then liquidating banking commissioner, who thereupon procured an order of the circuit court approving the sale and directing that a deed to the property be made him as special deputy banking commissioner.

This was done and the deed approved by the court.

Later the said banking commissioner sold and conveyed the property to the present appellants, Elisha Baker and Lewis Herald.

Following this, Clara McIntosh filed an action in the Perry circuit court, naming the banking commissioner and Baker and Herald as defendants, wherein she sought a new trial of the original action of the Hargis Bank & Trust Co. against her and to set aside the sale, the order confirming the sale and the deed made to the deputy banking commissioner, and also a cancellation of the deed which the deputy banking commissioner made to Baker and Herald.

A demurrer was sustained to the petition, when, the plaintiff declining to plead further, the petition was dismissed.

Upon the appeal taken from that judgment, Clara McIntosh, with her sureties, executed, as stated, supra, a supersedeas bond, drawn in conformity with the provisions of section 748, Civil Code of Practice, wherein she, with her sureties, covenanted that they "will pay to the appellees all costs and damages that may be adjudged against the appellant on the appeal; and, also, that they will satisfy and perform the said judgment in case it shall be affirmed, or any judgment or order which the court may render, or order to be rendered by the inferior court, not exceeding in amount or value the judgment aforesaid; and, also, pay all rents, hire, or damage which, during the pendency of the appeal, may accrue on any of the property of which the appellees are kept out of possession by reason of the appeal."

Upon the execution of the above supersedeas bond, the clerk of the Perry circuit court issued the following supersedeas: "Dismissing appellant's petition seeking to cancel deed from Ervine Turner, etc. to Elisha Baker and Lewis Herald and deed from Wm. Brown, Master Commissioner, to Ervine Turner, Special Deputy Banking Commissioner and awarding writ of possession against Clara McIntosh's property described in said deed and actions, and that a supersedeas bond has been executed. Therefore, the appellee and all others are commanded to stay proceedings on the judgments above recited."

Thereafter, and following the affirmation of the judgment appealed from in the McIntosh v. Wilhoit case,

supra, the appellants here, Elisha Baker and Lewis Herald, instituted on the above supersedeas bond the present action in the Perry circuit court against Clara McIntosh and her sureties, seeking to recover of the defendants damages on the bond, based on their alleged loss of the use and rents of the property collected and appropriated by Clara McIntosh during the pendency of her appeal, extending from May 21, 1936 to December 15, 1939, totalling some $12,000.

The Perry circuit court sustained a demurrer to the appellants' petition, when, upon their declining to plead further, the petition was dismissed.

Complaining of that ruling, dismissing their petition as improper, they have appealed, seeking reversal of the judgment upon the one ground urged, that the court's ruling in dismissing their petition was prejudicially erroneous.

In response to such contention, the appellees contend that the court's ruling, dismissing the petition, was not erroneous, for the reason that the supersedeas bond executed by the appellee and her sureties and the supersedeas order issued thereon did not deprive appellants of the use or the right to take possession of the property involved, and therefore, that the obligors in the bond are not liable to the appellants.

In support of this position, appellees, by counsel, urge that as the relief sought by Clara McIntosh against the appellants, Baker and Herald, was the cancellation of a deed made them by the deputy banking commissioner and the relief sought against all the defendants was a new trial in the original action of the Hargis Bank & Trust Co. against her and a setting aside of the order of sale and the commissioner's deed and the orders approving the sale, it does not appear that anything was done in the action to prevent Baker and Herald from taking the proper steps to get possession of the property which they had purchased from the deputy banking commissioner; that the supersedeas bond and the supersedeas only had the effect of preserving the adjudged status quo, which only meant that her petition was still good as against a general demurrer until this court decided upon that question; that the supersedeas bond, so far as it relates to the question here involved, provided, in conformity with section 748 of the Civil Code of Prac-

tice, as set out supra, but that notwithstanding such only were the provisions of the supersedeas bond, plaintiffs contend that by reason of its execution and the issuance of supersedeas thereon, ''they have been damaged by the reason of the loss of rents and the use of the said property from May 21, 1936, to December 15, 1939,'' the period of the pendency of the appeal. Further, appellees argue that conceding the supersedeas issued by the clerk on the supersedeas bond was somewhat broader than the terms of the bond itself, such broader terms of the supersedeas did not appear to be the fault of the obligors on the bond and are immaterial, as they, the obligors, are bound only by the terms of their bond agreement and, further, that if the supersedeas was broader in its terms than the bond authorized, the appellants had their remedy to correct it.

In other words, by way of summarizing the appellees' contention, their argument is that as the appellants, Baker and Herald, had the right to the possession of the property before the institution of the action by Clara McIntosh, in which she sought a new trial and a cancellation of their deed, they had the right to possess this property at all times while this action for a new trial was pending, since no injunction nor a restraining order was issued to prevent them from so doing; and that, by reason thereof, the appellants' right to take possession of the property and collect the rents therefrom pending the appeal was not taken from them by the execution of the supersedeas bond upon the appeal from the judgment of the Perry circuit court, denying her a new trial, and thus no deprivation of right nor injury was suffered by them, warranting a recovery therefor.

In our opinion the position of the appellees and their argument urged in its support are correct and sound. From which it follows that the judgment of the lower court, dismissing on demurrer appellants' petition, should be and it is affirmed.