# Thompson v. Denny, Banking Commissioner.

(Decided March 28, 1930.)

WHEELER & HUGHES for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was elected sheriff of Fulton county at the November election, 1925, and qualified on the 1st day of January following, and served for a term of four years. By virtue of his office he was the collector of public revenues of the county, including the revenue based on the general property assessment for state purposes. About the close of his term of office, he collected $18,522.27, which he deposited in the Hickman Bank & Trust Company to his "Tax Account." On the same day, and within a few hours after he made the deposit, that banking institution closed its doors and was placed in the hands of the banking commissioner of Kentucky in the manner provided by law.

At the time the bank had on hand a considerable amount of money, enough, at least, to pay the amount which had been deposited on that day by appellant. Appellant drew his check on the bank, after it had been placed in the hands of the banking commissioner, for an amount covering the sum standing to his credit in his

"Tax Account." Payment of the check was refused, whereupon he instituted this action against the banking commissioner and those acting as his representatives in charge of that banking institution, seeking a mandatory injunction to compel the payment of his check, and asking that the court adjudge that the fund deposited by him was a preferred claim, and that he had the right to be first paid out of the assets.

In an amended petition it was alleged that the Attorney General of Kentucky had delivered a written opinion holding that appellant was absolutely liable for the money in the bank belonging to the state, and that the Attorney General would perform his duty and take such steps as were necessary to collect the amount due the state if the injunction sought should not be granted, and that appellant would be irreparably injured if he should be compelled to settle with the state when he could not obtain the funds belonging to the state with which to square his account.

The chancellor refused to grant an injunction, and adjudged that the funds deposited by appellant were not a preferred claim.

A preliminary question of practice is raised by the Attorney General representing the banking commissioner. He contends that the action was prematurely filed. His theory is that the appellant should have waited until a report had been made to the circuit court, as required by law, by the banking commissioner, and that appellant should then have presented a petition for a review of such report, or exceptions thereto, if the funds sued for were not reported as a preferential claim. Counsel for appellant, in response to that contention, say that, if he is required to wait until the assets of the bank are assembled and distributed, or ready for distribution, he will have lost his right to escape the payment of the money he owes to the state. If, as a matter of fact, the suit was prematurely filed, the reasons therefor given by appellant are not sufficient to justify a departure from the procedure provided by law. The predicament in which the appellant finds himself is one of the hazards of a public officer who collects and distributes public funds. It will be a hardship on him if he is compelled to pay the state with new money which he must raise when the money belonging to the state, if it does belong to the state, is held by the banking commissioner.

But he would face the same hardship if the money had been stolen from him, or if it had been lost in any other way.

We will consider the question of practice. Section 165a-17, Ky. Stats., is controlling in such matters. This section provides that it shall be the duty of the banking commissioner, or his representative, within thirty days after a bank is placed in his hands, to file in the office of the circuit court clerk of the county a detailed statement of the assets and liabilities of the bank, and thereafter he must file a report on the first day of each succeeding term of the circuit court for the county in which the bank is located. This section provides that any person by petition addressed to the circuit court may have any act of the banking commissioner reviewed by the court in the same manner and by the same rights and powers as would have attached had such commissioner been a receiver appointed by the court. This section contains a further provision that it shall be the duty of the banking commissioner to give notice calling on all persons who may have claims against the bank to present them and make legal proof thereof at such time and place as may be named in the notice. He is required to mail a copy of the notice to every person whose name appears as a creditor of the bank. If the commissioner doubts the validity of any claim, he may reject it and give written notice of such rejection to the claimant.

In his petition appellant claims that he has a preference, and that the public funds which he deposited in the bank to his "Tax Account" should be paid before other claims. Obviously the law requires him to file his claim with the banking commissioner, supported by such proof as is required. If the banking commissioner sustains his claim for a preference, it will be reported as a preferred claim and be subject to exceptions or a petition for a review by those who oppose the preference. If the banking commissioner should deny a preference, appellant may take the question before the circuit court and have it determined there. To determine it at this time would be contrary to the plain provisions of the statute, and would be going over the heads of the banking commissioner and the circuit court without first giving them an opportunity to adjudicate and determine the rights of the parties. Such a procedure would be the establishment of

a precedent which would be unwise and unsound. There is no reason to believe that the banking commissioner will delay his report unduly, and the presumption is that he will co-operate in having the question of preference spedily determined. While it is to be presumed that the Attorney General will do his duty and be diligent in the collection of sums due the state, it is not to be presumed that he will be unreasonable in the performance of his official duties as they affect the appellant.

The appellant not only may claim a preference, as he has done in this suit, but he may present any other question which affects his rights to the extent of claiming that the title to the money which he deposited on the day that the bank failed did not pass from him, and, if it should be adjudged that the bank did not legally hold the funds, it would follow that the banking commissioner is not entitled to the possession thereof, and the circuit court, or the banking commissioner, would make such orders as would restore to appellant his money without waiting for a final distribution of the assets of the bank. These are questions for the consideration of the banking commissioner and the circuit court. We agree with the Attorney General that the suit was prematurely filed.

Judgment affirmed.

Whole court sitting.