## Sweeny et al. v. Jefferson County Bank's Reorganization Committee et al.

(Decided June 23, 1933.)

188

ROBERT E. HOGAN for appellants.

CHAS. H. MORRIS, HUGH B. FLEECE, HUSTON QUIN, BAILEY P. WOOTTON, Attorney General, and SAM H. BROWN, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

On September 24, 1931, the Jefferson County Bank of Jeffersontown, Ky., closed its doors and placed its affairs in the hands of the banking commissioner. A little later a committee for reorganization was appointed, who got up a plan of reorganization and applied to the banking commissioner to indorse the plan. This he declined to do, and on October 20, 1932, this suit was filed in the Franklin circuit court under the Act of 1932, c. 19, by the reorganization committee against the commissioner to compel him to indorse the plan or advise them of any further or additional things to be done to place the bank in a position to reopen. The committee, representing the nonconsenting depositors, filed an intervening petition, which was taken as their answer and as a cross-petition against the banking commissioner. After a hearing in court and some changes had been made in the plan, as suggested by the committee, the court entered judgment approving the plan, and from this judgment the nonconsenting depositors have appealed.

The first question arising on the appeal is, Is the act of 1932, under which the proceeding was had, valid? This precise question was before the court and decided in Dorman v. Dell, 245 Ky. 34, 52 S. W. (2d) 892; Barr v. Dorman, 248 Ky. — , 60 S. W. (2d) 939, decided May 23, 1933, and in Milner, etc., v. Gibson, 249 Ky. — , 61 S. W. (2d) 273, decided June 6, 1933. In all these cases the validity of the act was upheld.

The next question presented is, Has the Franklin circuit court jurisdiction of the action? By the Act of 1912, c. 4, the Legislature created the banking and securities department and provided for the settlement of closed banks by the banking commissioner. By the Act of 1932, c. 19, relating to the same subject, it provided

for the reorganization of such banks. Though the second act does not refer to the first, the two acts must be read together, for they both relate to the same subject. See 1933 Supplement to Carroll's Kentucky Statutes, pp. 29-39, also page 53. By the act of 1912, all proceedings under the act must be taken in the circuit court of the county in which the bank is situated. As the act of 1932 relates to the same subject, and the two acts must be read together, plainly the same rule must apply under the act of 1932 as under the previous act. This question was fully considered and determined in Milner v. Gibson, 249 Ky. — , 61 S. W. (2d) 273, decided June 6, 1933, and after mature consideration the whole court concurs in the conclusion then reached. The reasons for this conclusion are set out in that opinion. Were the rule otherwise, great confusion would result, for, by the express provision of the act of 1912, all proceedings up to the reorganization must be taken in the court of the county where the bank is situated and, if the reorganization proceedings could be taken in the circuit court of another county, confusion and conflicts of jurisdiction would occur. In addition to this, banks are largely patronized by the local public, and it is important that such questions as reorganization should be decided in the court having local jurisdiction; otherwise great injustice may result. Very clearly the Legislature did not contemplate that the matter of the proper reorganization of a bank in a distant county of the state might be brought to Frankfort and determined in the Franklin circuit court without regard to the convenience of the persons in the locality where the bank was situated.

The act of 1932 by its terms applies to any bank which "shall for any reason be suspended or closed or is now suspended or closed." It therefore applies to the Jefferson County Bank, which was closed in 1931. All other questions are reserved.

The defendants filed a special demurrer to the plaintiff's petition, one of the grounds of which was in these words:

"That this court has no jurisdiction to abrogate the powers and functions or to annul the powers and functions of the Banking and Securities Commissioner of the Commonwealth of Kentucky."

190

This was an objection to the jurisdiction of the Franklin circuit court. In addition to this, as the pleadings show that the bank was situated in Jefferson county, and by statute the exclusive jurisdiction of such banks is conferred on the courts of the county where the bank is situated, the Franklin circuit court was without jurisdiction of the subject. Hughey v. Sidwell, 18 B. M. 259; Fidler v. Hall, 2 Metc. 461; Barton v. Barton, 80 Ky. 212.

Judgment reversed, and cause remanded, with directions to dismiss the petition.