## Baumlisberger et al. v. Dorman, Banking and Securities Commissioner, et al.

(Decided March 5, 1935.)

38

.HUSTON QUIN, TRABUE, **DOOLAN**, HELM & HELM and HUGH B. FLEECE for appellants.

WALLACE A. McKAY and ROBERT E. HOGAN for appellees:

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing in part.

Again we are required to review a proceeding to reorganize, under section 165a-64, Kentucky Statutes, 1933 Supplement, the Jefferson County Bank.

An action for that purpose was first instituted in the Franklin circuit court. It entered a decree approving the plan of reorganization. On an appeal it was reversed solely for the want of jurisdiction of that court. See Sweeny et al. v. Jefferson County Bank's Reorganization Committee et al., 250 Ky. 187, 61 S. W. (2d) 1090. Thereafter, the reorganization committee endeavored to induce and persuade the banking and securities commissioner to approve the plan of reorganization, which he declined to do. Later this action was filed in the Jefferson circuit court to have it approve the same.

After much pleading and the employment on the part of the banking commissioner of many dilatory tactics, the court, by an appropriate decree, on February 15, 1934, approved the plan of reorganization; directed the banking commissioner to accept and approve it as it is set forth in the court's decree; "to do and perform all things necessary for, or incident to the reopening of" the bank in accordance herewith; and "to prepare and perfect, without delay, all papers, applications, and other information necessary for, or incident to, the obtaining of a loan from the Reconstruction Finance Corporation and Federal Insurance of Deposit in banks and for the sale to Reconstruction Finance Corporation of preferred stock in the bank, not to exceed Ten Thousand ($10,000.00) Dollars par value." To accomplish this expeditiously, they were authorized to employ "such additional and clerical help and assistance as necessary for the proper preparation of" the needed papers and to pay the assistants engaged therein, not exceeding the sum of $250 out of the bank's assets. The liquidating agent and the counsel employed in connection with the bank's affairs were "directed to prepare and file herein within twenty (20) days from" that date a complete statement of the affairs of the bank.

The decree granted "the reorganization committee sixty (60) days from its date within which to perfect

the plan of reorganization, with the right to apply to the Court for the extension of such time, if proper showing is made to the effect that such time should be extended." "The Court reserved the right to modify so much of the foregoing judgment as relates to the status of the present stockholders of the Bank in connection with the purchase of new stock in the Bank if circumstances should seem to require any such modification."

The status of the bank at the commencement of this action was continued and preserved by a restraining order until September 15, 1934.

All parties reserved an exception to the court's decree approving the plan of reorganization and directing the reopening of the bank. No appeal therefrom, however, has been prosecuted by either the plaintiffs or the defendants.

After the order of February, 1934, was entered, the banking commissioner and the liquidating agent, acting in obedience to the former's direction, persistently disregarded it. A rule was sought against the banking commissioner for contempt of court "for not complying with the order requiring him to send a letter to the Federal Deposit Insurance Corporation advising approval" of the plan of reorganization and the application for a loan from the Reconstruction Finance Corporation and insurance, etc., as directed by the court's decree.

The motion for the rule was supported by the affidavit of the Honorable J. Blakey Helm. It states he had "called the office of Wigginton (liquidating agent) at Jeffersontown by telephone, and found that Wigginton was away and was advised by W. B. Helt over the telephone that he had a copy of (the record of the bank containing the essential facts necessary to obtain the loan from the Reconstruction Finance Corporation, etc.) not certified which he would furnish immediately; that Mr. Helt then wrote to the affiant on that date that Wigginton had instructed him not to give the information to the plaintiffs until next week. * * * Affiant then went on August 20, 1934 to the office of the banking and securities commission at Frankfort and advised him of the failure of the liquidating agent to furnish him the certified copy of said balance sheet."

and "requested the banking and securities commissioner to furnish him the certified copy"; he "exhibited to him a bimonthly report of the Bank for the period ending July 31, 1934"; but "refused to give the reorganization committee a certified copy of said balance sheet" and imparted the information to the affiant that a copy of it had been filed in the circuit court. The affidavit further states that on the next day he examined "the records of the Circuit Court," and "found that despite the fact that said bimonthly report had already been furnished to the banking and securities commissioner, no copy had been filed in the office of the Circuit Clerk as required by law," and that on the 22d day of August, W. B. Helt mailed him an uncertified copy of the balance sheet which he furnished the supervising examiner for the Federal Deposit Insurance Corporation, when he was advised by the latter it was insufficient because it had not been certified.

A rule was issued against the banking and securities commissioner requiring him formally to approve the amended plan of reorganization. His response to the rule reads:

"Defendant having heretofore signed and sworn to an answer which is now a part of the record in this case, in which he sets forth in detail his objections to said plan as amended, and having withdrawn all grants of authority to said committee as provided in House Bill #84, Acts of the General Assembly of Kentucky, Session 1932, and as subsequent events have confirmed the judgment expressed by him in said answer; for the purpose only of complying with the said order of court, the defendant, as Banking Commissioner, does now formally approve of the said amended plan of reorganization embraced in and filed as a part of said order of court, the said approval made by him herein being done under protest and without waiving the objections to same heretofore outlined in this case."

In a supplemental response he further states:

"He had mailed to the Reconstruction Finance Corporation, at Louisville, Kentucky, and to Mr. Vance Sailor, Supervising Examiner, Federal Deposit Insurance Corporation, Louisville, Kentucky, letters formally approving said plan of reorganization as

amended in compliance with the orders of this court.''

The court determined his response sufficient. On September 14th, a second affidavit of the Honorable J. Blakey Helm, setting forth in detail ''all the activities for the completion of the reorganization,'' was filed in support of a motion for an extension of time of sixty days for the completion of the reorganization of the bank.

It should be borne in mind that the court in its decree of date February 13, 1934, reserved the right to extend, on a proper showing, the time in which the reorganization committee might perfect its plan.

The affidavit of Mr. Helm filed in support of the motion for an extension of time for the perfection of the plan of reorganization was not controverted. Without any other or further showing whatsoever, the court, sua sponte, overruled the motion for an extension of time, directed the banking commissioner ''to proceed as expeditiously as possible with the liquidation and final settlement of the affairs of the bank under his own supervision and final settlement of the affairs of the bank,'' and thereby set aside ''any and all orders and judgments theretofore entered in this action at variance or in conflict with'' this ''final judgment''; dissolved all temporary restraining orders and injunctions theretofore issued, and dismissed the plaintiffs' petition as amended.

It is apparent that at the time the order of dismissal was entered, the reorganization committee was blameless for the delay in securing a loan from the Reconstruction Finance Corporation and insurance with the Federal Deposit Insurance Corporation and completing the arrangements for the $10,000 stock of the bank mentioned in the order of the court.

It is from the order setting aside the decree of the court entered in February approving the plan of reorganization and directing the reopening of the bank that this appeal was taken and the cross-appeal granted.

A written opinion of the court sheds much light on the cause that motivated the court to attempt to set aside its February order and dismiss the petition as amended.

It contains this statement:

"It is perfectly evident that the attitude of the banking commissioner, is, and has been, hostile to the reorganization. * * * the legislature has seen fit to delegate a large part of the administrative side of the liquidation of banks and receiverships to the executive department. * * * As a court appointee he would not be in the position as the man who 'cannot serve two masters,' but this I cannot do."

This view of the court in one respect is in harmony with that of the banking and securities commissioner as it is manifested by the language of his responses to the rule against him.

It is apparent that it was their consentient view that the power of the court and the authority of the banking commissioner were co-ordinate, and that the court did not possess jurisdiction, independent of his consent, to decide and determine all questions concerning the reorganization and reopening of the bank. Such view is unauthorized by the language of section 165a-64, supra. It also disregards the generally accepted rule that administrative agencies are subject to the court's power of supervision of the interpretation and construction of the statutes governing their functions. In part, section 165a-64 reads:

"When deposit creditors representing seventy-five per cent. of the deposits in amount as aforesaid have joined in such agreement the same shall be presented to the 'Banking Commissioner' of the Commonwealth of Kentucky, with a full report of what has been done in adjusting the affairs of the Bank or Trust Company, or combined Bank and Trust Company, in anticipation of reopening; and the said 'Banking Commissioner' may thereupon require any further or additional things to be done, as in his opinion, will be necessary to place the Bank or Trust Company or combined Bank and Trust Company in position to open and function as a going concern, and may then grant such reasonable time as seems necessary to place the Bank or Trust Company, or combined Bank and Trust Company in such position, and when the requirements of the 'Banking Commissioner' of the Com-

monwealth of Kentucky have been complied with, said Bank or Trust Company shall reopen and become in all things a going Bank or Trust Company or combined Bank and Trust Company, subject to all provisions of law and regulations of the banking department; provided, however, that if at any time, in the opinion of the 'Banking Commissioner' of the Commonwealth of Kentucky, the interests of the creditors of said institution are being jeopardized by delay, he may withdraw all grants or extension of time and proceed with liquidation of the institution.''

It should be noted that according to the plain reading of this statute, if the plan of reorganization with full report of what had been done in adjusting the affairs of the bank is submitted to the banking commissioner by its proponents, his duties are clearly defined and his authority plainly limited in respect thereto. When the plan of reorganization has been submitted to him, his sole authority is to "thereupon require any further or additional things to be done, as in his opinion, will be necessary to place [the institution] in position to open and function as a going concern.'' He is without authority to do more or less. If by his negligent or bad-faith performance of his duties in respect thereto damages result, they are recoverable on his official bond. See Button et al. v. Nevin (Ariz.) 36 P. (2d) 568.

This statute deprives him of the privilege of introducing extraneous matters as an excuse or a reason for not approving the plan of reorganization. Unless he conceives and presents something "further or additional * * * to be done, as in his opinion, will be necessary to place the [institution] in position to open and function as a going concern,'' it is plainly his statutory duty to approve the plan of reorganization and reopen the bank. Adhering to the accepted rule that all administrative agencies of this commonwealth (including the banking commissioner), in the interpretation and administration of statutes [Dorman v. Dell, 245 Ky. 34, 52 S. W. (2d) 892; Board of Registration Com'r v. Campbell, 251 Ky. 597, 65 S. W. (2d) 713], are subject to the jurisdiction of the courts, it follows that in case of his refusal to approve the plan of reorganization and reopen the bank, either with or with-

out reason, and thereafter, the plan of reorganization is presented to the circuit court by an appropriate pleading in behalf of those interested, in the proceeding pending in the county in which the institution is located, as provided by section 165a-17, Kentucky Statutes Supplement 1933, then his authority as banking and securities commissioner ipso facto ceases, and the jurisdiction of the circuit court becomes and is exclusive. Thereafter, it is solely within the discretion of the court to approve or not to approve the plan of reorganization and permit the reopening of the bank, affording to the banking commissioner the privilege of solely presenting therein "any further or additional things to be done, as in his opinion, will be necessary" to place the institution "in position to open and function as a going concern." It is the solemn duty of the banking commissioner to comply with the order of the court appertaining thereto, the same as any other party to the proceeding, and if the court's order is not satisfactory with him, his remedy for relief is by an appeal as provided by law.

As was said in Dorman, State Banking and Securities Commissioner, etc., v. Jones, 257 Ky. 4, 77 S. W. (2d) 429, 431; " 'A reorganization of a corporation in the hands of the receiver is authorized by law (now by statute), favored by the courts, and comports with public policy.' Jennings v. Fidelity & Columbia Trust Co., 240 Ky. 24, 41 S. W. (2d) 537, 542. It is the solemn duty of the commissioner like unto that of the courts to observe and respect this policy. And when the banking and securities commissioner or the court is convinced that the stockholders and depositors, or creditors, are prepared to go forward with the bank's affairs and to discharge its obligations, a reorganization should be approved."

We observe that the court permitted consenting depositors to file pleadings attempting to withdraw their approval of the plan of reorganization and to repudiate their acts in connection therewith. Much confusion has arisen and delay has occurred in this action from the ruling of the court permitting consenting depositors to withdraw their consent to, and approval of, the reorganization plan. A depositor, who, by an affirmative act, such as personally attending meetings for the purpose of reorganizing and agreeing

thereto or the placing his signature to a writing evidencing his consent, has agreed to the reorganization, may not thereafter withdraw his consent or repudiate his act, manifesting it, except on an allegation and proof of fraud or false representation or a plea of non est factum to his signature to the writing evidencing his consent to, and approval of, the plan. The reorganization of a bank is a matter of public interest, and after the plan of reorganization has been presented to the court, as herein indicated, the consenting depositors are subject to the orders of the court and they may not lightly disregard or repudiate their act manifesting their approval of the plan of reorganization. After a depositor consents in a manner binding him with the other depositors, aggregating 75 per cent. of the total deposits, he may not be absolved of the obligation for any less cause than that which will relieve a party of his contract concerning any other subject-matter.

The Jefferson circuit court is one of continuous session. See section 1020-1 et seq., Kentucky Statutes. It has "control over its judgment for sixty days as circuit courts having terms have over their judgments during the term in which they are rendered." Section 1020-21, Kentucky Statutes.

It is apparent that the order of February 15th, approving the plan of reorganization and authorizing the reopening of the bank, is of that type of judgment from which an appeal will lie to this court. Civil Code of Practice, sec. 368; Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273; Sweeny v. Jefferson County Bank's, etc., 250 Ky. 187, 61 S. W. (2d) 1090; Dorman, State Banking Commissioner, etc., v. Jones, supra.

In so far as the order of September 15th attempts to set aside the decree of February 13th, it is at least erroneous for want of power of the court to set aside its order seven months after the expiration of the term during which the same was entered.

Inasmuch as the record fails to disclose the status of the bank and the feasibility at this late date of the plan of reorganization, we express no opinion, as to the proper procedure, in the circumstances, to determine whether it is now possible of execution. It is only our duty to dispose of the case as it is presented by the record now before us.

It is apparent that it is our view the court erred in entering the judgment of September 15th, setting aside its decree of February 13th, approving the plan of reorganization.

Wherefore, it is affirmed on the cross, and reversed on the original, appeal for proceedings consistent therewith.

The whole court sitting.