# Lewis v. Furste.

(Decided Dec. 20, 1935.)

ALFRED P. LEWIS and LESLIE T. APPLEGATE for appellant.

RICHARD T. VON HOENE, BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Dismissing Appeal.

In addition to the regular license fee, the statute imposes on each motor vehicle classed as truck, subject to license in this state, a tax equal to 3 per centum of the regular retail sales price, with the proviso that the additional tax shall not apply or be collected if the motor vehicle was purchased by or came into the hands of the person seeking the license prior to July 1, 1934, or was purchased under such circumstances that the retail price of the motor vehicle to the purchaser was increased by the addition or imposition of the Kentucky Gross Receipts Tax of 1934 (Ky. Stats. Supp. 1934, sec. 4281v-1 to 4281v-19). Section 2739g-2, subsec. (d), Kentucky Statutes, Baldwin's 1934 Special Supplement. Acts 1934, Ex. Sess. p. 149.

R. H. Lewis, who resides in Kenton county, Ky., bought a Chevrolet coupe from Avondale Motor Car Company of Cincinnati, Hamilton county, Ohio, in the month of October, 1934, and applied to Sam Furste, clerk of Kenton county, Ky., for a license. She tendered him the regular license fee of $7.70, but he declined to issue her a license until she paid the additional license tax of 3 per cent. of the sale price, amounting to $19.31.

Pleading the foregoing facts, and, further that that

portion of the act imposing an additional license tax of 3 per cent. of the sale price of the car is invalid on the ground that it offends section 51 of our Constitution, in that it relates to more than one subject under one title, and the further ground that it offends the commerce clause of the Federal Constitution (article 1, sec. 8, cl. 3) in that it imposes a burden on interstate commerce, plaintiff brought this action for a mandamus requiring the county clerk of Kenton county immediately to issue her a license to operate her car in Kentucky without requiring her to pay the additional fee of 3 per cent. of the sale price of the car. From a judgment sustaining a demurrer to, and dismissing, the petition, this appeal is prosecuted.

The validity of a statute may not be attacked except by one whose rights are injuriously affected by its provisions. Marshall v. Donovan, 10 Bush, 681; Dorman v. Dell, 245 Ky. 34, 52 S. W. (2d) 892. Motor licenses are issued for the calendar year or portions thereof beginning January 1st, and ending December 31st. Appellant applied in October, 1934, for a license for the remainder of the year, and tendered the usual license fee for that period. A mandamus was asked for the purpose of requiring the clerk to issue the license which had been refused. The time for issuing that license has expired, and the clerk cannot now be compelled to issue a license for that period. Whether appellant has paid the 3 per cent. tax, or desires a license for the year 1935, does not appear. In the absence of such showing, it is at once apparent that the particular relief asked cannot now be granted, and that there is presented only a moot case, which the court will not undertake to decide.

Wherefore, the appeal is dismissed.