## Baumlisberger et al. v. Dorman, Banking Commissioner, et al.

(Decided Dec. 18, 1936.)

HUSTON QUIN and TRABUE, DOOLAN, HELM & HELM for appellants.

L. R. CURTIS and ROBERT E. HOGAN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Since the close of the Jefferson County Bank of Jeffersontown on September 24, 1931, many depositors have endeavored to secure its reorganization under section 165a-64 of the Statutes. They have met persistent opposition by the Banking Department and the nonconsenting depositors. Sweeny v. Jefferson County Bank's Reorganization Committee, 250 Ky. 187, 61 S. W. (2d) 1090; Baumlisberger v. Dorman, 259 Ky. 37, 81 S. W. (2d) 876. As is shown in the last-cited opinion, on February 15, 1934, the chancellor decreed that the reorganization of the bank should proceed, and directed that the proper and necessary information and applications be submitted for obtaining a loan from the Reconstruction Finance Corporation, and the insurance of deposits by the Federal Deposit Insurance Corporation. The refusal of the Banking and Securities Commissioner, and his deputy, to comply with the orders of the court became the subject of a rule. This court held that they must comply with the orders respecting such matters until and unless they should be relieved by an appeal, which, however, was not prosecuted. On September 15, 1934, the trial court undertook to set aside its judgment of February 15th and directed that the affairs of the bank should be liquidated. That was held

to be error in the case reported in 259 Ky. 37, 81 S. W. (2d) 876. On September 3, 1935, the Reorganization Committee submitted to the court a proposal to the Banking Department for the taking over of certain assets of the bank, and petitioned the court to approve the plan and direct that the assets be available to the committee. The court granted the prayer of the petition, and further ordered:

"It is further ordered that plaintiffs be and they hereby are granted six months' time from this date September 4, 1935, within which to complete the reorganization of the bank, with power retained by the court to revoke all orders affecting reorganization unless reorganization is perfected within the six months' period herein named. It is further ordered that this case should be retained on the docket."

On November 2, 1935, the Securities and Banking Commissioner, and other defendants and the depositors opposing reorganization, moved to set aside and vacate the foregoing order and all injunctions. It was made to appear that the committee had not been able to complete the reorganization of the bank; particularly, that for several reasons assigned the Federal Deposit Insurance Corporation had refused to insure the deposits, and that the Reconstruction Finance Corporation had not been applied to for the purchase of the preferred stock, as is required by the law in the advancement of funds. The failure to apply was apparently because of the policy of that corporation not to consider such applications except by those banks whose deposits are insured. It also appears in the record that six dividends have been distributed among the stockholders. Many of those who were originally aligned with the Reorganization Committee appear to have withdrawn their friendly support of the object, although not able to avoid their contractual commitment in joining in the petition for the reorganization as a matter of law and procedure. Thereupon, on March 21, 1936, the court ordered the Banking Department to proceed with the entire liquidation of the closed bank. An appeal was granted, but the injunctions maintaining the status quo pending the appeal were kept in effect. The appeal of the Reorganization Committee is now before us.

While the opening of a new bank, or the reopening

668

of a closed one, may, of course, be without the deposits being insured, it seems to us that that is a most important consideration to be given in the matter especially in the reorganization of a closed bank. Under the present conditions, when practically all banks operate under such security of the deposits, it would seem most improvident, if it would not be disastrous, to undertake to build upon the foundation of an institution which had failed without having such insurance. We think fair opportunity has been given the committee in their commendable effort. Although it appeared at first that the plan submitted was feasible and sufficient, the committee have met with opposition and have had to fight their way through the courts to secure recognition of their claims. Nevertheless, more than five years have elapsed, and other than the fact that conditions have changed, and the deposits cannot be insured, we are of opinion that the chancellor correctly held the insolvent bank should now proceed with entire liquidation.

Judgment affirmed.

Whole court sitting.