## Dorman et al. v. Baumlisberger et al.

(Decided Feb. 1, 1938.)

CURTIS & CURTIS, L. R. CURTIS and NORMAN CURTIS for appellants.

TRABUE, DOOLAN, HELM & HELM, J. BLAKEY HELM and HUSTON QUIN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER.
—Affirming.

The Jefferson County Bank on September 24, 1931, was placed in the hands of the banking commissioner for liquidation. Soon thereafter a group representing 85 per cent. in amount of the deposits formed a reorganization committee and proposed a plan for reopening the bank. The commissioner refused to approve the plan, and the committee brought suit in the Franklin circuit court to compel him to do so or advise them what he required in order to place the bank in a position to reopen. Some of the depositors, who did not desire a reorganization, intervened in opposition. A judgment was rendered approving the plan. It was reversed upon jurisdictional grounds. Sweeny v. Jefferson County Bank's Reorganization Committee, 250 Ky.

187, 61 S. W. (2d) 1090. The commissioner still declining to acquiesce in the plan, suit was filed against him in the Jefferson circuit court to obtain the directions and approval of the court. Among the orders was an injunction restraining the banking commissioner from compromising or settling any claim without the approval of the reorganization committee, or of the court in case of disagreement. The court approved the plan and gave certain other directions to the commissioner. His persistent opposition and delay finally led the chancellor to the conclusion that it would be impracticable to reopen the bank, and the first judgment was set aside. On appeal that order was reversed. Baumlisberger v. Dorman, 259 Ky. 37, 81 S. W. (2d) 876. The opinion discloses in detail the circumstances, and particularly the activities of the committee and the obstructions of the banking department and minority depositors. This persistent resistance and the omission of the department for so long a time to perfect an application for the insurance of the deposits of the proposed reopened bank resulted in a failure to obtain such insurance. Under these circumstances and the fact that five years had elapsed, the circuit court finally decreed a liquidation of the bank and that judgment was affirmed. Baumlisberger v. Dorman, 266 Ky. 666, 99 S. W. (2d) 800.

The reorganization committee throughout was represented by Judge Huston Quin, and Messrs. Hugh B. Fleece and Blakey Helm, as attorneys. The minority stockholders were also represented by counsel. The court allowed them a fee of $1475 without objection of the banking commissioner. The liquidating agent and his counsel had received something like $6,000 for their expenses and services. The motion for the allowance of attorneys for the reorganization committee for a fee and expenses was opposed. The circuit court, however, allowed them a fee of $1,475, and $184.14 for expenses. The banking commissioner and the liquidating agent appeal from that judgment.

The appellants deny any authority of the court to charge the deposits with the fees of the attorneys for the reorganization committee.

Though the principal objective of their valiant

808

fight was ultimately lost, the justice of their cause and the right of their position were sustained by the courts in every contest involving the merits. The committee lost through the opposition's strategy of delay and disregard of the court's directions, even to the point of being ruled for contempt. The record was before the circuit court and is before us in this matter. In addition, there are statements of the attorneys and a representative of the committee as to their various services and expenses, and a stipulation of the settlements or compromises which were participated in by the attorneys for the committee. It is disclosed that this participation had been to the advantage of all the depositors. We fully agree with the finding of fact of the chancellor that

> "the services of said counsel and the expenses incurred were at the request originally of the owners of more than 85% in amount of deposits, and were beneficial to the preservation and protection of the assets of the bank."

Section 165a-64, Statutes, codifies the principle of reorganizing insolvent banks when possible. It is but legislative sanction of plans and purposes approved by the courts before its enactment. Cf. Jennings v. Fidelity & Columbia Trust Company, 240 Ky. 24, 41 S. W. (2d) 537. The Jefferson County Bank was closed and the efforts to reorganize it were begun before the statute was enacted.

The allowance of the attorneys' fees to receivers and fiduciaries, payable out of the trust funds they are charged with administering, is well recognized. Fidelity & Columbia Trust Company v. Grommes & Ullrich, 186 Ky. 345, 216 S. W. 1078; Johnston v. Stephens, 206 Ky. 83, 266 S. W. 881. It has been held, however, that a receiver cannot charge such fund with counsel fees for resisting applications which should not have been opposed. 53 C. J. 378, note 19 (b). This conclusion is apparently upon the principle that a premium should not be put upon captious contests at the expense of the fund which the court is under the obligation to preserve. On the other hand, there is authority for the proposition that the court may allow as a preferred claim counsel fees for services rendered a corporation

in defending in good faith, though unsuccessfully, an action brought for its dissolution and the appointment of a receiver. This is upon the principle that such fees are in the nature of expenses incurred in the protection and preservation of the trust they represent. High on Receivers, 4th Ed., sec. 351; Clark on Receivers, 2d Ed., sec. 642 (b); Barnes v. Newcomb, 89 N. Y. 108; Goodyear Tire & Rubber Co. v. United Motor Car & Supply Co., 89 N. J. Eq. 108, 103 A. 471.

Section 489 of the Statutes gives authority for the allowance of costs, including attorneys' fees, to one or several of many parties having a common interest in a trust fund who have taken proper proceedings to protect the same or to have it properly administered. The allowance of counsel fees as costs out of such a fund has been generally recognized where the services inured to the benefit of those having a common interest. 15 C. J. 105. In equity the award of costs and fees is largely within the discretion of the court, depending on the facts and circumstances of each particular case. 7 R. C. L. 785. In the instant case the attorneys representing a small minority of the depositors, who, with the banking commissioner, opposed for six years a meritorious adjustment of the affairs of this institution, were paid out of the common fund. The result was that the reorganization committee, composed, as stated, of owners of more than 85 per cent. of the fund, were compelled to pay that proportion of the expenses of their adversaries who had finally succeeded in the manner stated. We concur in the conclusion of the trial court that it is fair and just that the attorneys for the reorganization committee be allowed their fees and expenses.

Judgment affirmed.